# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| GARY BRONSON FRALEY ) | |
| LESIA LAVERNE FRALEY, ) | |
|     Debtors. ) | Case No. 17-70067 |
| _____ | |
| SCOT S. FARTHING, TRUSTEE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 17-07027 |
| ) | |
| GARY BRONSON FRALEY, ) | |
| LESIA LAVERNE FRALEY, and ) | |
| TARA MICHELLE FRALEY, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION

Gary Bronson Fraley ("Mr. Fraley") and Lesia Laverne Fraley ("Mrs. Fraley" and together with Mr. Fraley, the "Debtors") filed a joint voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on January 18, 2017. Scot S. Farthing is the duly appointed and currently acting trustee for the Chapter 7 bankruptcy estate (the "Trustee").

The Trustee timely commenced this adversary proceeding on July 24, 2017 by filing a complaint seeking to avoid a transfer of land from Mr. Fraley to his daughter, Tara Michelle Fraley ("Tara Fraley")[1], made in April 2014, in which a life estate was reserved for Mr. and Mrs. Fraley pursuant to 11 U.S.C. § 544(b) and Virginia Code §§ 55-80 and/or 55-81. The Court took

---

[1] Tara Fraley is also known as Tara Michelle Pugh.

the matter under advisement following a hearing conducted on February 1, 2018, and submission of a Stipulation of Facts[2] and post-trial briefs by the parties. During oral argument, the Debtors asserted that the calculation of the value of the joint life estate was not accurate and paragraphs 11, 12, and 13 were stricken from the Stipulation. This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.[3]

## **FACTS**

The parties in this case do not dispute that transfers of property occurred during the five-year period prior to the filing of the Debtors' Chapter 7 petition. Mr. Fraley conveyed his half interest in real estate to his daughter, Tara Fraley, for no consideration as evidenced by Deeds of Gift dated April 16 and April 18, 2014. Plaintiff's Exhibits 1 and 2. The two deeds to Tara Fraley transferred Mr. Fraley's half interest in said real estate subject to the reservation of a life estate reserved for Mr. Fraley and Mrs. Fraley. Plaintiff's Exhibits 1 and 2, page 2. Prior to these conveyances in 2014 to Tara Fraley, the properties were owned, since March 2005, by Mr. Fraley and Tara Fraley as joint tenants with rights of survivorship. *See* Plaintiff's Exhibits 1 and 2, pg. 1. At the time of the transfer, the value of the real estate and improvements identified as Buchanan County Tax Map Numbers 2HH236058 and 2HH236057, total $67,500.00 based on the tax assessment valuation.[4] Plaintiff's Exhibits 3 and 4. No consideration was paid by Tara Fraley (Grantee) to Mr. Fraley (Grantor) for the transfer of his half interest in the real estate to her. Mr. Fraley was sixty-five (65) years old and Mrs. Fraley was fifty (50) years old in April

---

[2] *See* Stipulation of Facts and Issues to be Decided filed by the Trustee and the Debtors, ECF No. 21 (the "Stipulation").

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

[4] The Debtors did not present any evidence to the contrary and the Court finds the value of the real estate to be $67,500.00 at the time of the 2014 transfer pursuant to the Stipulation. However, the Court notes that the tax records reflect a total value of $67,700.00. The Court will adopt the stipulated value nevertheless.

2014. Mr. Fraley's total debt after the transfer of land was $24,344.46. His personal property assets were valued at $9,822.00. Mrs. Fraley's debt after the transfer of land was $41,155.11, which includes $10,011.01 joint debt with Mr. Fraley. Her personal property assets were valued at $5,446.50. Stipulation Nos. 14, 15, 16, 17, 18, 19.

## JURISDICTION AND VENUE

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408. This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.

## CONCLUSIONS OF LAW

Section 544(b) of the Bankruptcy Code authorizes the trustee to avoid "any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim. . . ." 11 U.S.C. § 544(b)(1). "The statute allows the trustee to utilize laws available to a creditor to avoid a debtor's transfer of property outside of bankruptcy, such as state creditors' rights statutes. *See generally Shaia v. Meyer (In re Meyer)*, 244 F.3d 352, 355 (4th Cir. 2001) (analyzing avoidance action brought by chapter 7 trustee under Virginia law)." *Arrowsmith v. Lemberg Law, LLC (In re Health Diagnostics Lab., Inc.)*, 571 B.R. 182, 197 (Bankr. E.D. Va. 2017). Virginia law "allows transfers made with actual intent to hinder, delay, or defraud creditors, as well as voluntary transfers not made on valuable consideration (or made on consideration of marriage) by an insolvent transferor to be set aside at

3

the instance of unpaid creditors. §§ 55–80 (fraudulent transfers) and 55–81 (voluntary transfers), Code of Virginia. The statute of limitations for an action under § 55–81, however, is five years. § 8.01–253, Code of Virginia." *In re Plascencia*, 354 B.R. 774, 781 (Bankr. E.D. Va. 2006). The Trustee did not argue during oral argument nor assert in his post-trial brief that this was a fraudulent transfer made with actual intent to hinder, delay, or defraud creditors. Thus, there appears to be no basis upon which the Trustee can show a scheme to defraud creditors under Virginia Code § 55–80. However, Virginia Code § 55–81 allows a creditor to avoid voluntary conveyances. The statute provides in pertinent part:

> Every gift, conveyance, assignment, transfer or charge which is not upon consideration deemed valuable in law, or which is upon consideration of marriage, by an insolvent transferor, or by a transferor who is thereby rendered insolvent, shall be void as to creditors whose debts shall have been contracted at the time it was made . . . .

Va. Code Ann. § 55–81. This provision allows avoidance of a transfer, 'which is not upon consideration deemed valuable at law . . . by an insolvent transferor, or by a transferor who is thereby rendered insolvent.'" *Phillips v. Moazzeni (In re Tarangelo)*, 378 B.R. 128, 137 (Bankr. E.D. Va. 2007). "The trustee stands in the shoes of creditors and pursuant to 11 U.S.C. § 544 may bring this cause of action. *See James River Coal Co. v. Crawford*, 360 B.R. 139, 168 (Bankr. E.D. Va. 2007)." *Id.* The burden of proof is on the Trustee. *Id.* at 134.

In this case, it is not disputed that there was a voluntary conveyance evidenced by the Deeds of Gift. Mrs. Fraley testified that the property transfer to her step-daughter was made in 2014 as a gift and no money exchanged hands. However, to avoid the transfer the trustee must demonstrate that the transfer was done when the transferor was insolvent or the transfer rendered the transferor insolvent. *In re Meyer*, 244 F.3d at 353. The term "insolvent" as defined in the Code under Section 101(32) means a "financial condition such that the sum of such entity's

4

debts is greater than all of such entity's property, at a fair valuation . . . ." 11 U.S.C. § 101(32)(A). "Courts in the Fourth Circuit use the 'balance sheet' test for determining insolvency." *Lanik v. Smith (In re Cox Motor Express of Greensboro, Inc.)*, Case No. 14-10468, A.P. No. 15-02023, 2017 Bankr. LEXIS 233, *19 (Bankr. M.D. N.C. Jan. 27, 2017) (quoting *In re Heilig-Meyers Co.*, 328 B.R. 471, 477 (E.D. Va. 2005)). "Under the 'balance sheet' test, the debtor is insolvent when the sum of all the debtor's liabilities is greater than the sum of all its assets, at a fair valuation, at the time of the transfer." *Id.* (citations omitted).

In order to determine whether the Debtors were insolvent prior to the 2014 transfer or made insolvent due to, or immediately following, the transfer the Court must determine whether the reservation of the life estate for Mr. and Mrs. Fraley creates or grants a life estate to Mrs. Fraley and if so, the value of that life estate pursuant to Virginia Code Sections 55-269.1, 55-270, and 55-271.

The Deeds of Gift reserve a joint life estate for Mr. Fraley and his spouse, Mrs. Fraley, with the following language: "There is specifically excepted and reserved from this conveyance a life estate interest for Gary Bronson Fraley and Lisa [sic] Laverne Fraley for and during their natural lifetime." Plaintiff's Exhibits 1 and 2, pg. 2. Mrs. Fraley did not own an interest in the property prior to the reservation. Virginia incorporates the common law of England pursuant to Code § 1-200 (or its predecessors)[5] which followed the "Stranger to Title" doctrine. Simply put, "in a deed neither [a] reservation nor an exception in favor of a stranger to the instrument can, by force of ordinary words of exception or reservation, create in the stranger any title, right, or

---

[5] Virginia Code § 1-200 (or its predecessors) provides that "[t]he common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this Commonwealth, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly."

5

interest in or respecting the land conveyed." *Shirley v. Shirley*, 259 Va. 513, 516, 525 S.E.2d 274, 275 (2000). The Trustee does not criticize the rule and does not ask the Court to depart from the rule. Instead, the Trustee argues that Mr. and Mrs. Fraley were both grantors in the Deeds to Tara Fraley, and not strangers to the Deeds, therefore the reservation created a life estate for Mrs. Fraley in the land conveyed, even though she was not a title owner to the land prior to the execution of the Deeds.

According to the Supreme Court of Virginia, "a reservation, to be good, must be made to all, some, or one of the grantors and not to a stranger to the deed." *Shirley*, 525 S.E.2d at 276 (quoting *Wickham v. Hawker*, 151 Eng. Rep. 679, 683 (1840)). As shown by the exhibits, the owners of the properties were Mr. Fraley and his daughter, Tara Fraley, as joint tenants with right of survivorship. The Deeds executed in 2014, which conveyed Mr. Fraley's interest in the properties to Tara Fraley, reserved a life estate to Mrs. Fraley, who was not a grantor, in effect a "stranger" to the Deeds. Mrs. Fraley, who did not have title in the land prior to the conveyance, did not become a grantor by virtue of the 2014 Deeds purporting to reserve her a life estate, because no right or interest was created in the property conveyed. In other words, when the Deeds were prepared, Mrs. Fraley could not reserve a right in something she did not have.

The Supreme Court of Virginia recognized that "any change in the common law rule would affect not only inchoate but also vested property rights" and "a decision whether to abrogate such a fundamental rule . . . is the function of the legislative, not judicial, branch of government[.]" *Shirley,* at 277. Here, as in *Shirley*, the reservation was made in favor of both a legal title-holder (Mr. Fraley) and a stranger to the title (Mrs. Fraley). In footnote 8, *Shirley* explains that this situation could be resolved if the grantor used words of grant to convey a life estate to a grantee, in this case Mrs. Fraley. The parties in this case did not do that and, therefore,

6

the rule against reservations in favor of a stranger, Mrs. Fraley, applies. Thus, the reservation as to Mrs. Fraley must fail.

A deed should be interpreted as to have some effect rather than none. *Hunter v. Hume,* 88 Va. 24, 13 S.E. 305 (1891). When language in a deed is found to be ambiguous, unclear, or is not artfully drawn, "the court should interpret its terms to harmonize them, if possible, so as to give effect to the intent of the parties." *CNX Gas Co. LLC v. Rasnake*, 287 Va. 163, 168, 752 S.E.2d 865, 867 (2014). Under the plain language of the instrument and applicable canons of deed construction, the disputed reservation survived as to Mr. Fraley.

Thus, Mr. Fraley holds a single life estate in the real property. In order to ascertain its fair valuation, the Court applies the formula under Virginia Code Sections 55-269.1, 55-270, and 55-271. The tax assessed value of the half interest of real estate owned by Mr. Fraley was $33,750.00 in April 2014, prior to the transfer to Tara Fraley. Referring to the table in Va. Code Section 55-269.1, the value in Column I for an annuity of $1.00 for 1 life at age 65 is 7.532 and this multiplied by $2,700 (the interest at 8% on $33,750.00 pursuant to Va. Code Section 55-270) is $20,336.40 which is the gross value of Mr. Fraley's life estate. When this amount is added to the value of his personal property of $9,822.00, the total asset value of his estate after the 2014 transfer was $30,158.40, which is greater than his total liabilities after the transfer of $24,344.46.

## CONCLUSION

Mr. Fraley, the transferor, was not insolvent or rendered insolvent by the voluntary conveyance to Tara Fraley so as to render the transfer avoidable pursuant to Section 544(b) and Virginia Code Section 55-81; the sum of Mr. Fraley's debts was not greater than all of his

property at a fair valuation and for that reason the transfer to Tara Fraley may not be avoided.

The Complaint will be dismissed.

An appropriate Order shall issue.

Decided this 28th day of March, 2018.

_____
UNITED STATES BANKRUPTCY JUDGE